IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 08-cv-00968-REB-BNB

ALLEN J. KENTA,

Plaintiff,

v.

'GANG UNIT OFFICERS' DAVE GALLEGOS,
'CHIEF OF POLICE' DANIEL OATES,
CITY OF AURORA,
SEVERAL UNKNOWN GANG UNIT OFFICERS, and
OTHER UNKNOWN OFFICERS,

Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____

This matter arises on the defendants' **Motion to Dismiss for Failure to Prosecute** [Doc. #43, filed 5/6/2009] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

The facts relevant to the Motion are summarized as follows:

1. Defendant City of Aurora served its First Set of Interrogatories, Requests for Admissions and Request for Production of Documents on the plaintiff by mail on December 12, 2008. *City of Aurora's Motion to Compel* [Doc. #38] (the "Motion to Compel"), p. 2. On January 9, 2009, the plaintiff requested a 60 day extension of time to respond to the discovery requests [Doc. #34]. I granted the plaintiff's request and ordered him to respond to the discovery requests on or before March 9, 2009 [Doc. #37]. The plaintiff has not provided any responses to the defendant's discovery requests. *Motion to Compel*, p. 2.

2. Defendant City of Aurora filed its Motion to Compel the discovery on April 3, 2009. I ordered the plaintiff to respond to the Motion to Compel on or before April 23, 2009 [Doc. #40]. The envelope containing my order was returned as undeliverable [Doc. #42]. The plaintiff has not responded to the Motion to Compel.

3. The defendants filed their Motion to Dismiss on May 6, 2009. I ordered the plaintiff to respond to the Motion to Dismiss on or before May 21, 2009 [Doc. #45]. The envelope containing my order was returned as undeliverable [Doc. #47]. The plaintiff has not responded to the Motion to Dismiss.

4. The court has not received a notice of change of address from the plaintiff as required by D.C.COLO.LCivR 10.1M, and has had no other contact with him since January 9, 2009.

The defendants seek dismissal of the plaintiff's complaint with prejudice pursuant to Fed.R.Civ.P. 41(b). Rule 41(b) provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

The plaintiff has failed to comply with the discovery rules and my orders. Therefore, dismissal of the action with prejudice pursuant to Rule 41(b) may be an appropriate sanction. Before recommending dismissal with prejudice, however, I must evaluate the following factors:

> (1) the degree of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions. Only when the aggravating factors outweigh the judicial system's strong

> predisposition to resolve cases on their merits is dismissal an appropriate sanction.

Ehrenhaus v. Reynolds, 965 F.2d 916, 921 (10th Cir. 1992) (internal quotations and citations omitted). "[D]ismissal represents an extreme sanction appropriate only in cases of willful misconduct." Id. at 920.

Applying the Ehrenhaus factors, I find that the prejudice to the defendants is appreciable. The defendants have answered the Complaint and have attended a Scheduling Conference. However, they have been precluded from conducting discovery necessary for them reasonably to defend against the plaintiff's claims. In addition, they have had to incur the expense of filing a motion to compel discovery and a motion to dismiss for failure to prosecute.

The plaintiff's failure to prosecute has interfered with the judicial process. Instead of addressing the merits of this case, I am addressing the plaintiff's failure to provide discovery and his failure to comply with my orders.

The plaintiff is obviously culpable. He was made aware of his obligations to provide discovery at the scheduling conference, but nevertheless appears to have abandoned his case. In addition, the plaintiff was advised in the Motion that his failure to prosecute could result in dismissal of his case with prejudice under Rule 41(b). Motion at pp. 3-5.

A sanction less than dismissal with prejudice would not be effective. The plaintiff is proceeding *in forma pauperis* [Doc. #5], and a monetary sanction would be ineffective. The plaintiff has ignored the rules of discovery and my orders to respond to the defendants' motions. His conduct demonstrates a lack of respect for the court and the judicial system. Dismissal with prejudice is the only effective sanction.

I respectfully RECOMMEND that the Motion [Doc. # 43] be GRANTED and that this

action be DISMISSED WITH PREJUDICE pursuant to Rule 41(b), Fed. R. Civ. P.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 10 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dept. of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated May 27, 2009.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge